## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| JESSICA NGUYEN, a U.S. Citizen, | |
| ANH TUAN NGUYEN (A# 067 127 484), | Case No.  1:20-cv-718 (APM) |
| THI BICH DUYEN DO (A# 067 127 485) | |
| ANH KHOA NGUYEN (A# 067 127 486) and | |
| ANH KHOI NGUYEN (A# 067 127 487), | |
|    Plaintiffs, | |
| v. | |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | |
| UNITED STATES DEPARTMENT OF STATE, | |
| U.S. CONSULATE, Ho Chi Minh, Vietnam, | |
| KEVIN MCALEENAN, Secretary of the Department of Homeland Security, | |
| KENNETH T. CUCCINELLI, Director of the United States Citizenship and Immigration Services, | |
| MICHAEL POMPEO, United States Secretary of State, | |
| and; | |
| DAN KRITENBRINK, Ambassador of the United States at the U.S. Consulate, Ho Chi Minh, Vietnam | |
|    Defendants. | |

### SECOND AMENDED COMPLAINT

Plaintiffs Jessica Nguyen, Anh Tuan Nguyen, Thi Bich Duyen Do, Anh Khoa Nguyen and Anh Khoi Nguyen respectfully requests that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate a long-delayed family visa application.

### PARTIES

1. Plaintiff Jessica Nguyen is a citizen of the United States.

2. Plaintiffs Anh Tuan Nguyen, Thi Bich Duyen Do, Anh Khoa Nguyen and Anh Khoi Nguyen are citizens of Vietnam, currently residing in Vietnam.

3. Plaintiff Jessica Nguyen is Plaintiff Anh Tuan Nguyen's sister. Plaintiff Thi Bich Duyen Do is Plaintiff Anh Tuan Nguyen's wife. Plaintiffs Anh Khoa Nguyen and Anh Khoi Nguyen are Plaintiff Anh Tuan Nguyen's sons.

4. Defendant Department of Homeland Security (hereinafter sometimes referred to as "the DHS") is the agency of the United States that is responsible for implementing the petition for alien relative provisions of the law and assisting the DOS with background and security checks.

5. Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "the USCIS") is the component of the DHS that is responsible for processing petitions filed on behalf of alien relatives seeking to file family visa applications.

6. Defendant Department of State (hereinafter sometimes referred to as "the DOS") is the agency of the United States that is responsible for communicating with the DHS and managing Defendant Embassy of the United States in Ho Chi Minh, Vietnam, and which is responsible for implementing the immigrant visa provisions of the law.

7. Defendant Embassy of the United States in Ho Chi Minh, Vietnam (hereinafter sometimes referred to as "the Ho Chi Minh Embassy") is a component of the DOS that is responsible for processing immigrant visa applications and implementing the immigrant and non-immigrant visa provisions of the law.

8. Defendant Kevin McAleenan, the Secretary of the DHS, is the highest ranking official within the DHS.  McAleenan, by and through his agency for the DHS, is responsible for the implementation of the Immigration and Nationality Act (hereinafter sometimes referred to as "the INA"), and for ensuring compliance with applicable federal law, including the Administrative Procedures Act (hereinafter sometimes referred to as "the APA").  McAleenan is sued in an official capacity as an agent of the government of the United States.

9. Defendant Kenneth T. Cuccinelli, Director of the USCIS, is the highest ranking official within the USCIS.  Cuccinelli is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA.  Cuccinelli is sued in his official capacity as an agent of the government of the United States.

10. Defendant Michael Pompeo, the U.S. Secretary of State, is the highest ranking official within the DOS.  Pompeo is responsible for the implementation of the INA and for ensuring compliance with applicable federal laws, including the APA.  Pompeo is sued in his official capacity as an agent of the government of the United States.

11. Defendant Daniel Kritenbrink of the Consulate of the United States in Ho Chi Minh, Vietnam.  They are being sued in an official capacity as an agent of the government of the United States.

**JURISDICTION AND VENUE**

12. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

13. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) the Defendants all maintain offices within this district.

14. This Honorable Court is competent to adjudicate this case, notwithstanding the doctrine of consular non-reviewability, *see United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537 (1950), because Defendants have not made any decision in regard to Anh Tuan Nguyen's visa application.

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

15. Jessica Nguyen is the sister of Anh Tuan Nguyen and is the family visa petitioner for Anh Tuan Nguyen's immigrant visa application.  Thi Bich Duyen Do, Anh Khoa Nguyen and Anh Khoi Nguyen are additional applicants on said application.

16. Under federal immigration law, USCIS is authorized to approve a family visa application filed by a U.S. citizen and to issue an immigrant visa to allow the family to enter the U.S. and obtain lawful permanent resident status.

17. Jessica Nguyen filed a visa petition for Anh Tuan with the USCIS on August 19 2005. The remaining Plaintiffs are derivative beneficiaries of that visa petition.

18. Plaintiff paid, and Defendants accepted, all applicable filing and visa fees.

4

19. USCIS purportedly approved Plaintiff's I-130 family visa petition on or about January 15 2010.

20. The case should have then been sent to the National Visa Center (NVC), a part of the U.S. Department of State for visa processing.   The NVC assigned Case Number HCM2010550124 to this case.  Upon information and belief, the NVC completed its processing of the case and sent it to the U.S. consulate in Ho Chi Minh, Vietnam for an interview.

21. The State Department conducted the visa interview on or about October 21, 2019.  Since that time, the agency has refused to issue a decision on the Plaintiffs' visas.

22. Plaintiffs have made repeated attempts to obtain a decision in this matter without involving this honorable Court.  Plaintiffs have contacted the consulate multiple times.  This has led nowhere.

## FIRST CLAIM FOR RELIEF
### (Agency Action Unlawfully Withheld and Unreasonably Delayed)

For their first claim for relief against all Defendants, Plaintiffs allege and state as follows:

23. Plaintiffs realleges and incorporates by reference the foregoing paragraphs as though fully set out herein.

24. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."  5 U.S.C. § 555(b).  Section 555(b) creates a non-discretionary duty to conclude agency matters.  *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991).  A violation of this duty is a sufficient basis for mandamus relief.

25. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).

26. The Defendants have refused to adjudicate Plaintiffs' application and to issue the requested visa application.

27. The DOS regularly works with the DHS when carrying out background and security investigations that are delayed by administrative processing.

28. Plaintiffs allege that their application has been in administrative processing beyond a reasonable time period for completing administrative processing of her visa application.

29. The combined delay and failure to act on Plaintiffs' immigrant visa application is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

30. There are no alternative adequate or reasonable forms of relief available to Plaintiffs.

31. Plaintiffs have exhausted all available administrative remedies in pursuit of a resolution of this matter, including repeatedly requesting the processing of their case.

**SECOND CLAIM FOR RELIEF**
**(Violation of Right to Due Process of Law)**

For their second claim for relief against all Defendants, Plaintiffs allege and state as follows:

32. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

33. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution.  Plaintiffs may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

34. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiffs.

6

35. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiffs by causing a loss of consortium between Plaintiffs, among other ways.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs Anh Tuan Nguyen, Thi B ich Duyen, Anh Khoa Nguyen, Anh Khoi Nguyen and Jessica Nguyen request the following relief:

1.  That this Honorable Court assume jurisdiction over this action;

2.  That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all administrative processing within sixty days;

3.  That this Honorable Court take jurisdiction of this matter and adjudicate Plantiffs immigrant visa pursuant to this Court's declaratory judgment authority;

4.   That this Honorable Court issue a writ of mandamus compelling Defendants to issue an immigrant visa to Anh Tuan Nguyen, Thi B ich Duyen, Anh Khoa Nguyen and Anh Khoi Nguyen.

5.  That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiffs the cause and nature of the delay and inform Plaintiffs of any action that may be taken to accelerate processing of the visa application;

6.  Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

7.  Such other and further relief as this Honorable Court may deem just and proper.


**RESPECTFULLY SUBMITTED**
July 14, 2020


***/s/ James O. Hacking, III***

7

James O. Hacking, III
MO Bar # 46728
Hacking Law Practice, LLC
10900 Manchester Road, Suite 203
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackinglawpractice.com

**ATTORNEY FOR PLAINTIFFs**

## <u>CERTIFICATE OF SERVICE</u>

Undersigned counsel certifies that on this date a copy of the foregoing was sent via email upon all counsel of record according to the Court's CM-ECF system.

***<u>/s/ James O. Hacking, III</u>***

8