UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESSICA NGUYEN, *et al.*, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:20-cv-00718 (APM) |
| | ) |
| U.S. DEPARTMENT OF | ) |
| HOMELAND SECURITY, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**THE GOVERNMENT'S SECOND CONSENT MOTION FOR A STAY OF PROCEEDINGS UNTIL JANUARY 2, 2021**

The Government, by counsel, respectfully requests that this action be stayed until January 2, 2021. Good cause exists for this consent request because the following litigation pending before this Court arguably impacts this matter: *Gomez v. Trump*, 20-cv-01419, *Mohammed v. Pompeo*, 20-cv-01856, *Aker v. Trump*, 20-cv-01926, *Fonjong v. Trump*, 20-cv-021288, and *Panda v. Wolf*, 20-cv-0197 (collectively "Pending Litigation").

These actions challenge Proclamation 10014, The Suspension of Entry of Immigrants Who Present a Risk to the United States Labor Market During the Economic Recovery Following the 2019 Novel Coronavirus Outbreak, 85 Fed. Reg. 23,441 (Apr. 22, 2020) and/or Proclamation 10052, Suspension of Entry of Immigrants and Nonimmigrants Who Present a Risk to the United States Labor Market During the Economic Recovery Following the 2019 Novel Coronavirus Outbreak, 85 Fed. Reg. 38,263 (Jun. 25, 2020) (collectively "Proclamations"). With respect to *Gomez*, *Mohammed*, *Aker*, and *Fonjong*, on August 7, 2020, the Court set a briefing schedule that required the Government to file a "Combined Opposition to Plaintiffs' Motions for Preliminary Injunction and Temporary Restraining Order" and an "Opposition to the Gomez Plaintiffs' Motion for Class Certification" on or before August 18,

1

2020. *See* ECF No. 57. The Court further ordered the Government to include in its combined brief due on that date, a response "to the merits of Counts 1 and 2 of the *Panda* Plaintiffs' Motion for Preliminary Injunction." ECF No. 79. The Government has complied with these deadlines. *See* ECF Nos. 94 and 95.

The Government contends that, in the instant case, Plaintiffs have failed to state a claim as a matter of law. However, even assuming *arguendo* that Plaintiffs stated a valid claim, Plaintiff Anh Tuan Nguyen is not eligible for a family-based, immigrant visa in light of the two Proclamations being challenged in the Pending Litigation. Thus, it would be an inefficient use of the Court's resources to litigate the claims that Plaintiffs raise in their Second Amended Complaint at this time. Further, Plaintiffs have acknowledged that the Pending Litigation will directly impact their case as they have notified government counsel that they seek to reserve the right to request that the Court lift the requested stay earlier depending on the outcome of Pending Litigation and any determination by the Court on the two Proclamations.

In the alternative, the Government requests that this Court grant the Government an extension of time until September 2, 2020 to answer, plead, or otherwise respond to the Second Amended Complaint. Specifically, the Government states as follows:

1. Plaintiffs filed their Second Amended Complaint on July 14, 2020.  *See* ECF No. 28.

2. On July 24, 2020, a consular officer of the U.S. Department of State issued a visa refusal for Plaintiff Anh Tuan Nguyen. Undersigned counsel for Defendants learned of this visa refusal on July 27, 2020. On July 27, 2020, undersigned counsel notified Plaintiffs' counsel of the consular officer's visa refusal. By Minute Order dated July 29, 2020, this Court granted the Government's Consent Motion for an Extension of Time providing that the Government may

have until August 18, 2020 to answer, plead, or otherwise respond to the Second Amended Complaint.

3. Counsel for the parties conferred on how this matter should proceed in light of this development and the Pending Litigation challenging the Proclamations. Specifically, on August 4, 2020, Plaintiffs' counsel proposed that the parties seek to have this matter stayed until January 2, 2021. On August 6, 2020, undersigned counsel agreed to seek such a stay from this Court. The parties agree that, prior to January 2, 2021, Plaintiffs may file a motion with this Court to lift the stay and specifically recognize that Plaintiffs may file such a motion depending on the outcome of the Pending Litigation.

4. This Court has the inherent authority to issue a stay of proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket"); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

5. Good cause exists for granting this Consent Motion and holding this matter in abeyance in order to conserve judicial resources in light of the Pending Litigation challenging the Proclamations.  Holding this matter in abeyance will not prejudice Plaintiffs, especially because they reserve the right to file a motion to lift this Court's stay depending on the outcome of the Pending Litigation.

6. By Minute Order dated August 17, 2020, this Court denied, without prejudice, the Government's initial Consent Motion for Stay of Proceedings until January 2, 2021. The Government files the instant consent motion in accordance with the Court's Order on August 17,

2020. In the alternative, the Government respectfully requests an extension of time until September 2, 2020 (after the hearing that this Court scheduled on the pending motions for preliminary injunction in the Pending Litigation) to answer, plead, or otherwise respond to the Second Amended Complaint.

WHEREFORE, for the reasons stated above, the Government respectfully requests that this Court enter an order staying proceedings until January 2, 2021. In the alternative, the Government requests that this Court grant the Government an extension of time until September 2, 2020 to answer, pleading, or otherwise respond to the Second Amended Complaint.

Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director

GLENN M. GIRDHARRY
Assistant Director

By: *s/ Aaron S. Goldsmith*
Aaron S. Goldsmith
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 532-4107
Email: aaron.goldsmith@usdoj.gov

Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the CM/ECF system will be sent electronically to the registered participants. There are no unregistered participants.

*s/ Aaron S. Goldsmith*
AARON S. GOLDSMITH
Senior Litigation Counsel