# UNITED STATES DISRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESSICA NGUYEN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY, et al., <br><br> Defendants. | Case No. 20-cv-0718 (APM) |

### PLAINTIFF'S CONSENT MOTION FOR A STAY OF PROCEEDINGS UNTIL APRIL 2, 2021

Plaintiffs Jessica Nguyen, et al., by undersigned counsel, respectfully requests that this action be stayed until April 2, 2021. Plaintiffs contend that good cause exists for this request because the following litigation pending before this Court arguably impacts this matter: *Gomez v. Trump*, 20-cv-01419, *Mohammed v. Pompeo*, 20-cv-01856, *Aker v. Trump*, 20-cv-01926, *Fonjong v. Trump*, 20-cv-021288, and *Panda v. Wolf*, 20-cv-0197 (collectively "Pending Litigation"). Counsel for the Government advises that he does not oppose this Motion.

These actions challenge Proclamation 10014, The Suspension of Entry of Immigrants Who Present a Risk to the United States Labor Market During the Economic Recovery Following the 2019 Novel Coronavirus Outbreak, 85 Fed. Reg. 23,441 (Apr. 22, 2020) and/or Proclamation 10052, Suspension of Entry of Immigrants and Nonimmigrants Who Present a Risk to the United States Labor Market During the Economic Recovery Following the 2019 Novel Coronavirus Outbreak, 85 Fed. Reg. 38,263 (Jun. 25, 2020) (collectively "Proclamations"). With the change in administrations, Plaintiffs s anticipate that President Joseph Biden may rescind the Proclamations. If he does not, they are set to expire on March 31, 2021. In addition, the legality of the Proclamations is being litigated in the above-referenced cases before this Court.

Thus, it would be an inefficient use of the Court's resources to litigate the claims that Plaintiffs raise in their Second Amended Complaint at this time. Plaintiffs reserve the right to seek the lifting of the stay in the event that the Proclamations are rescinded or struck down by this Court.

This Court has the inherent authority to issue a stay of proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket"); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

Good cause exists for granting this Consent Motion and holding this matter in abeyance in order to conserve judicial resources in light of the Pending Litigation challenging the Proclamations. Holding this matter in abeyance will not prejudice Plaintiffs, especially because they reserve the right to file a motion to lift this Court's stay depending on the outcome of the Pending Litigation.

WHEREFORE, for the reasons stated above, the Plaintiffs respectfully request that this Court enter an order staying proceedings until April 2, 2021.

RESPECTFULLY SUBMITTED
January 21, 2021

HACKING LAW PRACTICE, LLC

***/s/ James O. Hacking, III***
James O. Hacking, III
MO Bar # 46728
Hacking Law Practice, LLC
10900 Manchester Road, Suite 203
St. Louis, MO 63122
(O) 314.961.8200
(C) 314.602.3794
(F) 314.961.8201
(E) jim@hackinglawpractice.com

ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

Undersigned counsel certifies that a copy of the foregoing was sent via operation of the court's CM/ECF system upon Senior Litigation Counsel Aaron S. Goldsmith on January 21, 2021.

*/s/ James O. Hacking, III*